IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY BLANKENHORN | : | |
| | : | |
| *Plaintiff* | : | CIVIL ACTION |
| | : | |
| v. | : | No. 25-CV- |
| | : | |
| TONY HU; and DOORDASH, INC. | : | |
| | : | |
| *Defendants* | : | |
| | : | |
| | : | |

## NOTICE FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §1441

Defendant, Door Dash, Inc., hereby submits notice to the United States District Court for the Eastern District of Pennsylvania of the removal of the above-entitled action to this Honorable Court and in support thereof respectfully represent as follows:

1. On or about September 2, 2025, Plaintiff, Jeffrey Blankenhorn, instituted the above action by way of Complaint (the "Complaint"), a copy of which is attached as Exhibit "A," in the Pennsylvania Court of Common Pleas, Philadelphia County, No. 250900088, seeking damages for injuries Plaintiff purportedly sustained as a result of Defendants' alleged negligence.

2. DoorDash, Inc., is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 303 2nd Street, Suite 800, San Francisco, California 94107.

3. Upon information, knowledge, and belief; and further based on the Complaint, Plaintiff, Jeffrey Blankenhorn, is an adult individual and citizen and resident of the Commonwealth of Pennsylvania, residing at 10 Morris Street, Pine Grove, Pennsylvania.

4. Upon information, knowledge, and belief; and further based on the Complaint, Defendant, Tony Hu, is an adult individual and citizen and resident of the State of Rhode Island, residing at 36 Lee Road, East Providence, Rhode Island.

5. Upon information, knowledge, and belief, Defendant, Tony Hu, was served with the Complaint and consents to the removal of this action. (See Correspondence from counsel for Defendant, Tony Hu, attached hereto as Exhibit "B").

6. On or about November 5, 2025, Defendant, DoorDash, Inc., was served with the Summons and Complaint.

7. On October 31, 2025, counsel for Plaintiff, Jeffrey Blankenhorn, confirmed in writing that Plaintiff's demand is $750,000. (A copy of the October 31, 2025, correspondence is attached as Exhibit "C").

8. This monetary demand was made prior to the Complaint being served, but after the Complaint had been filed.

9. As prescribed in 28 U.S.C. §1446:

> (a) Generally. A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) Requirements; generally.
>
>> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then

been filed in court and is not required to be served on the defendant, whichever period is shorter.

(2)

(A) When a civil action is removed solely under section 1441(a) [28 USCS § 1441(a)], all defendants who have been properly joined and served must join in or consent to the removal of the action.

(B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

(C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

(3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

(c) Requirements; removal based on diversity of citizenship.

(1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 [28 USCS § 1332] more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

(2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a) [28 USCS § 1332(a)], the sum demanded in good faith in the initial

> pleading shall be deemed to be the amount in controversy, except that—
>
>> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks—
>>
>>> (i) nonmonetary relief; or
>>>
>>> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>>
>> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a) [28 USCS § 1332(a)].
>
> (3)
>
>> (A) If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a) [28 USCS § 1332(a)], information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3).
>>
>> (B) If the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1).

10. "Other paper" is interpreted broadly "consistent with the statute's purpose to commence the thirty-day period once the defendant receives actual notice that the case has become removable; this may be communicated in a formal or informal manner." Rosenfield v. Forest City Enters., L.P., 300 F. Supp. 3d 674, 678 (E.D. Pa. 2018).

11. United States District Courts in the Third Circuit have given the term "other paper" "embracive construction" to include a wide array of documents, including letter communications between counsel, deposition testimony, stipulations between the parties, answers to interrogatories, and transcripts. Costa v. Verizon New Jersey, Inc., 936 F. Supp. 2d 455, 465-466 D. N.J. 2013).

12. Plaintiff's counsel's demand was the first "paper" which placed DoorDash, Inc., on notice that the amount in controversy exceeded $75,000.00, exclusive of interest and costs.

13. Plaintiff's counsel's demand was communicated after suit was filed, but prior to the Complaint being served on DoorDash, Inc.

14. As such, although the amount in controversy was not apparent from the face of the initial pleading, the amount in controversy was communicated after suit had been filed, but before service was made.

15. Therefore, DoorDash has 30 days from the date of service, which was November 5, 2025, to file a Notice of Removal.

16. Diversity of citizenship exists between Plaintiff, a citizen and resident of the Commonwealth of Pennsylvania, and all Defendants. Defendant DoorDash, Inc., is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business in the State of California. Defendant, Tony Hu is a resident and citizen of the State of Rhode Island.

17. Complete diversity of citizenship existed at the time the action sought to be removed was commenced and continues to the time of the filing of this Notice. Therefore, as to said claim and cause of action, Defendant, DoorDash, Inc., is entitled to removal pursuant to 28 U.S.C. §1441, et seq.

18. This Notice of Removal is timely under 28 U.S.C. §1446(b) as it is being filed within thirty (30) days after service of the Complaint on Defendant, DoorDash, Inc.

WHEREFORE, the above action now pending against Defendant, DoorDash, Inc in the Pennsylvania Court of Common Pleas, Philadelphia County, is removed therefrom to this Honorable Court.

Respectfully submitted,

CHARTWELL LAW

*Christopher J. Sulock*

Christopher J. Sulock, Esquire
PA Identification No. 311421
One Logan Square
130 N 18th Street, Suite 1200
Philadelphia, Pennsylvania 19103
(215) 972-7006 (telephone)
(215) 972-7008 (facsimile)

Attorney for Defendant,
DoorDash, Inc.

Dated:  12/2/2025

**AFFIDAVIT**

COMMONWEALTH OF PENNSYLVANIA)
                                         ) ss
COUNTY OF PHILADELPHIA          )

       CHRISTOPHER J. SULOCK, ESQUIRE, being duly sworn according to law, deposes and says that she is the attorney for Defendant, DoorDash, Inc.; that he has read the foregoing Notice and knows the contents thereof; that he is authorized to make this Affidavit on behalf of Defendant; and, that the facts alleged in the Notice are true and correct to the best of his knowledge, information and belief.

                                                    *Christopher J. Sulock*
                                              CHRISTOPHER J. SULOCK, ESQUIRE

Sworn to and subscribed before
me this   2nd   day of December , 2025.

*Dori Conway*

Notary Public

Commonwealth of Pennsylvania
Notarial Seal
Dori Conway
Notary Public
City of Philadelphia, Philadelphia County
My commission expires ,   October 3, 2027
 Commission Number 1236821

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY BLANKENHORN | : | |
| *Plaintiff* | : | CIVIL ACTION |
| v. | : | No. 25-CV- |
| TONY HU; and DOORDASH, INC. | : | |
| *Defendants* | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, a true and correct copy of the Notice for Removal of Action pursuant to 28 U.S.C. §1441 filed by Defendant, DoorDash, Inc., was served upon the following via the Court's electronic filing system and/or electronic mail:

*Christopher J. Sulock*
CHRISTOPHER J. SULOCK, ESQUIRE
PA Identification No. 311421
One Logan Square
130 N 18th Street, Suite 1200
Philadelphia, Pennsylvania 19103
(215) 972-7006 (telephone)
(215) 972-7008 (facsimile)

Attorney for Defendant,
DoorDash, Inc.

Dated:  12/2/2025